IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JAMES SMITH and AIMEE SMITH, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 13-0333-CV-W-ODS |
| ) | |
| BANK OF AMERICA, N.A., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER AND OPINION GRANTING MOTIONS TO DISMISS AND DISMISSING ALL CLAIMS ASSERTED AGAINST BANK OF AMERICA, N.A., MERSCORP HOLDINGS, INC., AND SELECT PORTFOLIO SERVICING INC.

Pending are two motions to dismiss: one filed jointly by Bank of America, N.A. ("BANA") and MERSCORP Holdings, Inc. ("MERSCORP Holdings"), and the other filed by Select Portfolio Servicing, Inc. ("Select Portfolio"). Both motions (Doc. # 17 and Doc. # 19) are granted.

## I. BACKGROUND

Ascertaining the Complaint's allegations is rather difficult: the Complaint is filled with legal conclusions, rarely distinguishes between the Defendants, and occasionally uses the terms "Plaintiffs" and "Defendants" interchangeably. The Court has been able to piece together the following:

Plaintiffs executed a note on January 20, 2006, in the amount of $110,700; the money was borrowed from MILA, Inc. d/b/a Mortgage Investment Lending Associates, Inc. ("MILA"). MILA is not a party to this suit. The loan was secured by a Deed of Trust granting a lien on Plaintiffs' house; the Record is not clear, but it appears the mortgage was used to finance Plaintiffs' purchase of the property. The original Trustee was Assured Quality Title; the Trustee is not a defendant in this suit. The Deed of Trust identifies Mortgage Electronic Registration Systems, Inc., or "MERS" as both (1) a nominee for the lender and its assigns and (2) the beneficiary under the instrument.

The Deed of Trust further provides that "Borrower understands and agrees that MERS holds only legal title to the interest granted by Borrower in this Security Instrument, but, . . . MERS (as nominee for Lender and Lender's successors and assigns) has" certain rights, "including but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender . . . ."[1]  MERS is not named as a defendant (although its parent corporation, MERSCORP Holdings, Inc., is).

Plaintiffs (and, to be fair, Defendants) do not explain the moving Defendants' (particularly BANA's and Select Portfolio's) roles in this matter.  Plaintiffs allege that at some point after closing, the Note was assigned to Specialty Underwriting and Residential Financial Trust, which appointed BANA as loan servicer, Complaint, ¶ 6(f), and that Select Portfolio "now claims to be mortgage servicer for the Trust as of March 8, 2013." Complaint, ¶ 6(f)(1).  At some point, Plaintiffs' loan was pooled with other mortgages to support mortgage-backed securities; Plaintiffs intimate this act somehow broke the chain of title, but this legal conclusion is not supported with facts (or, for that matter, an explanation of any kind).  Plaintiffs conclude BANA "is the Master Servicer . . . and therefore, is acting on behalf of the Trust, which is not the holder of said promissory note."  Complaint, ¶ 9(b).  This reference to "the trust" appears to be a reference to the trust supporting the mortgage-backed securities and not the Deed of Trust.

The Court infers that *someone* is trying to foreclose on the property, given that Plaintiffs also offer the following legal conclusion: "Defendants have no interest of any kind, nor authority to act on any owner's behalf in the bringing of foreclosure. Defendants have no standing to move forward in this matter." Complaint, 9(a).  In addition, Plaintiffs' request for relief includes a request for a declaration "that the foreclosure which was initiated be deemed and declared illegal and void and that further proceedings in connection with the foreclosure be enjoined . . . ."  To justify this relief,[2] Plaintiffs allege the following causes of action:

---

[1] The Note and Deed of Trust are attached as exhibits to the Complaint.

[2] In addition to an order enjoining the foreclosure, Plaintiffs seek an award of damages and an order declaring that they owe nothing on the Note.  At times they also intimate they are entitled to an order declaring they own the property free and clear of

2

Count I         Predatory Lending

Count II        Servicer Fraud

Count III       Violations of the Home Ownership Equity Protection Act

Count IV        Violations of the Real Estate Settlement Procedures Act

Count V         Breach of Fiduciary Duty

Count VI        Identity Theft

Count VII       Violations of the Racketeer Influenced and Corrupt Organizations Act

Count VIII      Quiet Title

## II.  DISCUSSION

The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." Stodghill v. Wellston School Dist., 512 F.3d 472, 476 (8th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

---

all encumbrances.  The Court's disposition makes it unnecessary to consider whether this constitutes multiple recovery.

3

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

The Court is limited to a review of the Complaint; the only items outside the Complaint that may be considered are (1) exhibits attached to the Complaint, and (2) materials necessarily embraced by the Complaint. Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697 n.4 (8th Cir. 2003). This permits the Court to consider the Note and Deed of Trust, which are both attached to, and fairly embraced by, the Complaint.

The Complaint is deficient because it utilizes legal conclusions in lieu of factual allegations. While the moving Defendants have not specifically phrased their arguments in this manner, the Court makes this point because it forms the underlying basis for most of the flaws they have posited. As explained above, Iqbal and Twombley require the Court to ignore legal conclusions when evaluating the Complaint's sufficiency – but that is practically all the Complaint offers. To the extent facts are alleged, they do not state a claim that is plausible on its face. Cf. Badrawi v. Wells Fargo Home Mortg., Inc., 718 F.3d 756, 758 (8th Cir. 2013) (citing Twombley). Plaintiffs seem to allege a wide-ranging conspiracy involving every lender, bank, or other participant connected to the mortgage loan industry to make inappropriate loans to borrowers in order to generate mortgages that could be pooled and enable the marketing of mortgage-backed securities. The magnitude of a single conspiracy encompassing so many actors is not plausible on a face, and simply alleging it to be true – without more – is not sufficient. And without this allegation, there is little to connect these Defendants to the claims Plaintiffs have asserted. For instance, (1) Count I is premised on the original lender's failure to make certain disclosures, but Plaintiffs offer no explanation as to how anyone other than the original lender could be liable for such failings, (2) Count III is premised on the original lender's failure to make certain disclosures, but Plaintiffs offer no reason why any other Defendant should be liable, and (3) Count V asserts one or more breaches of fiduciary duty, but does not

4

explain who the alleged fiduciary was (or why they are a fiduciary). These are just a few examples. In the main, the Complaint asserts a multitude of grievances, but insufficiently pleads a basis for making these Defendants answer for them.

### A. Failure to Assert Basis for Liability as to MERSCORP Holdings

The preceding discussion segues to MERSCORP Holdings' first argument: the Complaint is devoid of any allegations against it. Mortgage Electronic Registration Systems, Inc., is mentioned in the Complaint and has a role as described in the Deed of Trust, but Mortgage Electronic Registration Systems, Inc. is not MERSCORP Holdings: they are separate entities. The Complaint asserts no allegations against MERSCORP Holdings, and asserts no basis for piercing the corporate veils. In their response to MERSCORP Holdings' arguments, Plaintiffs direct the Court to paragraphs 4 and 5 of the Complaint, Plaintiffs' Response (Doc. # 21) at 8 – but those paragraphs do not mention MERSCORP Holdings (nor, for that matter, do they mention Mortgage Electronic Registration Systems, Inc.). Paragraph 6 mentions Mortgage Electronic Registration Systems, Inc. – but does not mention MERSCORP Holdings.

The Complaint does not contain any allegations about MERSCORP Holdings. Therefore, the Complaint fails to state a claim against MERSCORP Holdings.

### B. Count I – Predatory Lending

Count I is predicated on the amalgamation of three discernible theories: (1) the loan was not in their best interest, (2) the loan was intended to be transferred and ultimately used in a pool to support mortgage-backed securities, which invalidated the note, and (3) Plaintiffs were not provided disclosures required by the Truth in Lending Act ("TILA"). The Court will address these distinct theories separately.

Assuming, for the sake of argument, that the loan was not in Plaintiffs' best interest, they have failed to suggest a cause of action exists for "making loans not in the borrower's best interests." As will be discussed in greater detail with respect to Count V, a lender is not a fiduciary. Similarly, Plaintiffs have offered no arguments – legal or

factual – that would explain why the subsequent transfers invalidated the Note or the Deed of Trust or violated any provision of law. Plaintiffs also have not identified a legal duty requiring anyone to advise them that their loan might be securitized in the future. Finally, assuming any of these theories are viable, Plaintiffs do not explain why they can be asserted against anyone other than the actual lender.[3]

Separate from these concerns, any cause of action that might exist would be time-barred. To the extent Count I is premised on state law, it is barred by the general five year limitation period in section 516.120 of the Revised Missouri Statutes. See, e.g., McClain ex rel. Rutledge v. Carpio, 338 S.W.3d 361, 372 (Mo. Ct. App. 2011) (describing section 516.120 as Missouri's "general statute of limitations"); Armistead v. A.L.W. Group, 155 S.W.3d 814, 817 n.4 (Mo. Ct. App. 2005) (limitation period for claims against fiduciary). Count I is also time-barred to the extent it depends on TILA. An attempted rescission under TILA must take place within three years of the loan "notwithstanding the fact that the information and forms required [by TILA] have not been delivered to the obligor . . . ." 15 U.S.C. § 1635(f); see also Rand Corp. v. Yer Song Moua, 559 F.3d 842, 846 (8th Cir. 2009). A claim for damages under TILA must be brought within one year. 15 U.S.C. § 1640(e). The Note was executed more than seven years before suit was filed; the statute of limitations has expired.

Plaintiffs do not dispute that the statute of limitations has expired on these (and other) claims. Plaintiffs instead aver that (1) statutes of limitation are subject to equitable tolling and (2) fraudulent concealment tolls the statute of limitations. However, Plaintiffs do not describe – either in their opposition to Defendants' motions or in the Complaint itself – any basis for applying these principles. They simply state that the limitation period could theoretically be tolled. This is insufficient to justify tolling or to avoid the conclusion that these claims are time-barred. Cf. Montin v. Estate of Johnson,

---

[3]To the extent Plaintiffs may be relying on 15 U.S.C. § 1641(e)(1) with respect to the TILA aspect of this claim, (1) Plaintiffs have not made this allegation and (2) Plaintiffs have not alleged a plausible factual basis for applying this provision.

636 F.3d 409, 414 (8th Cir. 2011); <u>Great Plains Trust Co. v. Union Pac. R. Co.</u>, 492 F.3d 986, 995 (8th Cir. 2007).[4]

### C. Count II – Servicer Fraud

Plaintiffs allege "Defendants engaged in a pattern and practice of defrauding Plaintiffs in that, during the entire life of the mortgage loan, Defendants failed to properly credit payments made; incorrectly calculated interest in these accounts; and have failed to accurately debit fees." Complaint, ¶ 42. This caused Plaintiffs to overpay. Complaint, ¶ 43-44. Given the number of servicers (and given that Select Portfolio became a servicer less than one month before the suit was filed), Plaintiffs' non-specific reference to "Defendants" as a collective group does not obviate their obligation to plead facts that would plausibly impose liability on each Defendant individually.

This leads to the final infirmity with Count II: it lacks sufficient detail. Count II is couched in terms of fraud, which triggers the heightened pleading requirements of Rule 9. Fed. R. Civ. P 9(b) requires that "the circumstances constituting fraud . . . shall be stated with particularity."  The Eighth Circuit has held that the requirements of Rule 9(b) must be interpreted

> in harmony with the principles of notice pleading . . . . The special nature of fraud does not necessitate anything other than notice of the claim; it simply necessitates a higher degree of notice, enabling the defendant to respond specifically, at an early stage of the case, to potentially damaging allegations of immoral and criminal conduct. Thus, a plaintiff must specifically allege the circumstances constituting fraud, . . . including such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby.

<u>Abels v. Farmers Commodities Corp</u>, 259 F.3d 910, 920 (8th Cir. 2001) (quotations and citations omitted). Further, when pleading fraud, a plaintiff is precluded from simply making conclusory allegations. <u>Commercial Prop. Invs., Inc. v. Quality Inns Int'l</u>, 61 F.3d 639, 644 (8th Cir.1995); <u>see also</u> <u>United States ex rel. Joshi v. St. Luke's Hosp.</u>,

---

[4] The Supreme Court has held the three year limit for seeking rescission under TILA is essentially a statute of repose and not a statute of limitations, <u>Beach v. Ocwen Federal Bank</u>, 523 U.S. 410 (1998), so it may not be subject to equitable tolling.

7

Inc., 441 F.3d 552, 556-57 (8th Cir.), cert. denied, 549 U.S. 881 (2006). This means Plaintiffs are required to specify the transactions they allude to in Paragraph 42; it is insufficient for them to simply say "Defendants miscalculated interest" or "Defendants overcharged us." Cf. Schaller Tel. Co. v. Golden Sky Sys., Inc., 298 F.3d 736, 746 (8th Cir. 2002) (Rule 9(b) requires pleading "the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby."). Plaintiffs have made no effort to identify the false statements or to differentiate between Defendants so it can be determined which ones are responsible for the allegedly false statements.

It would not matter if Rule 9 does not apply because the Court would reach the same conclusion even if Rule 8 governed. Under Iqbal and Twombley, a plaintiff cannot allege "I was overcharged" without more and expect to survive a motion to dismiss.

### D. Count III – Violations of the Home Ownership Equity Protection Act

The time period for asserting claims under HOEPA is one year for damage claims and three years for efforts to rescind. E.g., Estate of Davis v. Wells Fargo Bank, 633 F.3d 529, 537 (8th Cir. 2011). The claims are time-barred, and Plaintiffs' arguments for tolling are unpersuasive for the reasons explained in Part II.B, above.

### E. Count IV – Violations of the Real Estate Settlement Procedures Act

The time period for asserting claims under RESPA is one year or three years, depending on the provision in question. 12 U.S.C. § 2614. The claims are time-barred, and Plaintiffs' arguments for tolling are unpersuasive for the reasons explained in Part II.B, above.

### F. Count V – Breach of Fiduciary Duty

As intimated earlier in Part II.B, this claim is time-barred. In addition, Missouri law provides there is no fiduciary duty created in a borrower/lender relationship. E.g.,

8

UT Communications Credit Corp. v. Resort Dev., Inc., 861 S.W.2d 699, 710 (Mo. Ct. App. 1993) (citing cases); Centerre Bank of Kansas City, N.A. v. Distributors, Inc., 705 S.W.2d 42, 53 (Mo. Ct. App. 1985). Plaintiffs offer no facts or argument suggesting that any of the moving Defendants owed fiduciary duties. For these reasons, Count V must be dismissed.

### G. Count VI – Identity Theft

Plaintiffs' claim for identity theft is puzzling. The Complaint alleges (in an unnumbered paragraph before Paragraph 63) that the "negotiation of Plaintiffs' note was in actuality the theft of his [sic] identity to hide the vast number of 'toxic waste' mortgages, notes, and obligations that the enterprise defendants were selling . . . ." Paragraphs 63 and 64 allege that the mingling of notes from other borrowers with Plaintiffs' note caused Defendants to reap profits. How this qualifies as "identity theft" is mystifying – and is not explained in Plaintiffs' responses to the Motions to Dismiss. Assuming, *arguendo*, that Plaintiffs are asserting a civil claim based on Missouri's crime of identity theft (and further assuming a civil claim can be asserted based on the criminal statute), the allegations do not support the charge even if true. See Mo. Rev. Stat. § 570.223.

### H. Count VII – Civil RICO

RICO establishes a private right of action for those injured by "a pattern of racketeering activity." More specifically, a private right of action is bestowed upon "[a]ny person injured in his business or property by reason of a violation of" RICO. 18 U.S.C. § 1964(c). RICO makes it "unlawful for any person employed by or associated with any enterprise engaged in, . . . interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity . . . ." Id. § 1962(c). A pattern of racketeering activity "requires at least two acts of racketeering activity" within a specified time-frame. 18 U.S.C. § 1961(5). "Racketeering activity" consists of the commission of various specified crimes.

9

Id. § 1961(1). The Complaint does not allege Defendants engaged in individual acts of racketeering activity, much less a pattern of racketeering activity, so the claim must be dismissed.[5]

### I. Count VIII – Quiet Title

Plaintiffs' quiet title claim appears to be more of a remedy, resulting from their anticipated victory on another count. They are entitled to this remedy only if they prove they have title superior to the other parties. Ollison v. Village of Climax Springs, 916 S.W.2d 198, 203 (8th Cir. 1996). As it is presented, this claim is only as good as some other claim that would entitle Plaintiffs to relief. Given that all theories of liability must be dismissed, Count VIII must be dismissed as well. In reaching this conclusion, the Court notes Plaintiffs have offered no basis – factual, legal or otherwise – suggesting they have superior title to anyone. In fact, Plaintiffs have not even alleged any of the moving Defendants have even *asserted* a claim to the title, so technically there is nothing to "quiet."

Plaintiffs' only response to these observations is to assert that given "the number of named and unnamed interests in both the promissory note and deed of trust, Plaintiff is unsure who he [sic] owes money to. Each of these competing interests can claim ownership interest. Plaintiff appropriately filed an action to quiet title to remove the clouds from and settle the title and locate the actual lender." They conclude by contending they do "not know who is the actual owner and [are] at risk for multiple demands of payment on one promissory note." Doc. # 21 at 7-8; Doc. # 22 at 8. These allegations are contrary to all of their claims that they do not owe any money; more importantly, they are contrary to the allegations actually contained in Count VIII (which does not allege confusion over who to pay and does not seek an order declaring to

---

[5]In an unnumbered paragraph before paragraph 66 (but within Count VII), the Complaint references a provision of the Ohio Revised Code to allege "Defendants are 'persons'" as defined by that statute. Plaintiffs do not assert a claim under Ohio law, and it is not clear what purpose this citation serves. The Court concludes it has no role in the analysis.

10

whom the debt is owed). In addition, Plaintiffs' quest for the party they should pay would not be resolved with a quiet title proceeding.

III. CONCLUSION

For these reasons, the motions to dismiss (Doc. # 17 and Doc. # 18) are granted, and all claims asserted against Bank of America, N.A., MERSCORP Holdings, Inc., and Select Portfolio Servicing, Inc. are dismissed.
IT IS SO ORDERED.

                                                             /s/ Ortrie D. Smith
                                                          ORTRIE D. SMITH, SENIOR JUDGE
DATE: September 3, 2013                UNITED STATES DISTRICT COURT

11